No. 804 November 6, 2024 113

*This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).*

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

SUNSTONE ORGANICS, LLC,
and Hugh Holiday,
aka Norman Luebbert,
*Petitioners,*

*v.*

BUREAU OF LABOR AND INDUSTRIES,
*Respondent.*

Oregon Bureau of Labor and Industries
1520;
A180930

Submitted September 24, 2024.

David Wallace filed the brief for petitioners.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Jon Zunkel-deCoursey, Assistant Attorney General, filed the brief for respondent.

Before Aoyagi, Presiding Judge, Egan, Judge, and Joyce, Judge.

AOYAGI, P. J.

Affirmed.

**AOYAGI, P. J.**

Petitioners Sunstone Organics, LLC and Hugh Holiday seek judicial review of a final order of the Oregon Bureau of Labor and Industries (BOLI) finding that Sunstone, aided and abetted by Holiday, unlawfully discriminated against complainant based on her gender identity and awarding $125,000 in emotional distress damages. Petitioners challenge the discrimination finding as not supported by substantial evidence, and they challenge the damages award as not supported by substantial evidence or substantial reason. Respondent BOLI defends both aspects of the order. Under the applicable standards of review, we affirm.

*Facts.* Complainant is a transgender woman. When hired by Sunstone in November 2017, complainant publicly identified as male, including on employment forms. About a month into employment, complainant began to tell coworkers that she is transgender. From December 2017 to July 2018, Holiday made offensive gender-related comments to complainant. In July 2018, citing performance issues, Sunstone terminated complainant's employment. Complainant subsequently filed a BOLI complaint. BOLI formally charged petitioners with unlawfully terminating complainant's employment because of her gender identity, ORS 659A.030(1)(a), and creating a hostile work environment for complainant, ORS 659A.030(1)(b); OAR 839-005-0010(4)(a) - (b).

After a contested hearing, BOLI issued a final order. It found that Sunstone did not terminate complainant's employment because of her gender identity, but that it did subject complainant to a hostile work environment, for which complainant was awarded $125,000 in emotional distress damages. As to the latter, BOLI found that Holiday had harassed complainant repeatedly by: (1) questioning which bathroom she would use, despite the facility having only gender-neutral bathrooms; (2) using incorrect pronouns and complainant's birth name despite being told not to; (3) yelling at complainant after a customer questioned why she was wearing a feminine-style work shirt; and (4) assigning complainant to clean out Holiday's personal storage space and describing it to her as "men's work." Petitioners appeal.

*Standard of review.* We review BOLI's legal conclusions for errors of law, ORS 183.482(8)(a), and its factual findings for substantial evidence, ORS 183.482(8)(c). *Green Thumb Landscape and Maintenance v. BOLI*, 304 Or App 349, 350, 467 P3d 43, *rev den*, 366 Or 826 (2020). "Substantial evidence exists to support a finding of fact when the record, viewed as a whole, would permit a reasonable person to make that finding." ORS 183.482(8)(c). Importantly, "[w]e do not reweigh the evidence or examine the record to determine whether evidence supports a view of the facts different from those found by the agency." *Green Thumb Landscape and Maintenance*, 304 Or App at 350 (internal quotation marks omitted). As for substantial reason, an order must "articulate a rational connection between the facts of the case and the legal conclusion." *Campbell v. Employment Dept.*, 256 Or App 682, 683, 303 P3d 957 (2013) (internal quotation marks and brackets omitted).

*Discrimination finding.* Petitioners argue that the discrimination finding is not supported by substantial evidence. We disagree. There is evidence in the record to support each of BOLI's findings, and, taken together, those findings support BOLI's determination that Holiday (and by extension Sunstone) harassed complainant to the point of creating a hostile work environment. *See H. K. v. Spine Surgery Center of Eugene*, 305 Or App 606, 611, 470 P3d 403 (2020), *rev den*, 367 Or 826 (2021) ("In a claim involving a sexually hostile environment, the employer is liable when the conduct is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." (Internal quotation marks omitted.)); OAR 839-005-0010(4)(b) ("The standard for determining whether harassment is sufficiently severe or pervasive to create a hostile, intimidating or offensive working environment is whether a reasonable person in the circumstances of the complaining individual would so perceive it.").

In arguing otherwise, petitioners misunderstand the standard of review, advocating for a view of the evidence in which Holiday lacks any transgender animus and inadvertently offended complainant rather than intentionally harassing her. Even if a fact finder *could* take that view of

the evidence, it does not follow that BOLI erred in finding as it did. We must affirm BOLI's findings if they are supported by substantial evidence, regardless of whether BOLI could have made a different finding on the same record. *See, e.g.*, *Green Thumb Landscape and Maintenance*, 304 Or App at 354 (holding that BOLI's intent finding was supported by substantial evidence, even though there was "certainly evidence that might support an alternative conclusion"). We therefore reject the first assignment of error.

*Damages award.* Petitioners next challenge the $125,000 damages award. BOLI originally proposed to award $250,000. Petitioners objected, stating, in full, "[Petitioner] objects to the analysis and conclusions of the forum. An award of the maximum damages pled is an insult to the cases the forum cites where attributable losses and severe and pervasive discrimination or harassment actually occurred." BOLI then awarded $125,000 in its final order, stating that that amount was appropriate "due to the effect [that] Holiday's conduct had on [complainant], who at the time of her employment was in the process of transitioning."

On appeal, petitioners do not dispute that complainant was entitled to some damages for emotional distress, acknowledging that a complainant's own testimony, if credited, is sufficient to support a claim for mental suffering. They argue, however, that a $125,000 award "is not commensurate with other cases of the forum," taking into account the type of discriminatory conduct at issue; its duration, frequency, and severity; the duration of the mental distress; and the vulnerability of the complainant. They cite several BOLI cases that, in their view, would support an award of $10,000. In response, respondent challenges administrative exhaustion and preservation, arguing that petitioners are making a much more specific and different argument now than they did in their objection to BOLI, and also defends the damages amount on the merits, relying on the comparator cases cited by BOLI in its final order.

Assuming without deciding that petitioners did enough procedurally to raise the issue on appeal, we reject petitioners' argument on the merits. We agree with respondent that the damages award in this case is in line with

the awards in the comparator cases cited in the final order, taking into account the inherently fact-specific nature of a damages award. *See Multnomah County Sheriff's Office v. Edwards*, 277 Or App 540, 564, 373 P3d 1099 (2016), *aff'd*, 361 Or 761, 399 P3d 969 (2017) (affirming BOLI's award of emotional distress damages where BOLI relied on cases where the type of distress was comparable). We also agree with respondent that the evidence in the record was sufficient to support the award. Although BOLI could have awarded a lesser amount, based on the types of arguments that petitioners make on appeal, that does not mean that the $125,000 award is not supported by substantial evidence or that BOLI's order lacks substantial reason.

Affirmed.